UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORRISSA AURORA PEREZ,<br><br>        Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | CASE NO. CV 18-0330 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Corrissa Aurora Perez ("Plaintiff") brings this action seeking to overturn the decision of the Acting Commissioner of Social Security (the "Commissioner" or "Agency") denying her application for Supplemental Security Income ("SSI"). The parties consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13). For the reasons stated below, the decision of the Commissioner

is REVERSED, and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing work previously performed or any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an Administrative Law Judge ("ALJ") conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by

3

reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

**III.**

**THE ALJ'S DECISION**

Plaintiff was awarded SSI benefits as a child starting March 25, 2008. (AR 76). Under § 1614(a)(3)(H) of the Social Security Act, Plaintiff's disability status was reconsidered under adult standards upon turning eighteen.[1] Step one of the five-step sequential evaluation process is not used for redetermining disability at age eighteen. 20 C.F.R. § 416.987(b). At step two, the ALJ found that Plaintiff's learning disorder and borderline intellectual functioning are severe impairments. (AR 22). At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 22-23).

---

[1] Plaintiff turned eighteen on July 21, 2013. (AR 22).

4

The ALJ then assessed Plaintiff's RFC and concluded that she can perform a full range of work at all exertional levels but with the following nonexertional limitations: Plaintiff cannot perform "work involving more than simple tasks; any work involving more than occasional contact with coworkers; and any work involving public contact." (AR 23). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 26). Based on Plaintiff's RFC, age, education, work experience, and the VE's testimony, the ALJ determined at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including factory helper, wall cleaner, and machine feeder. (AR 26-27). Accordingly, the ALJ found that Plaintiff's disability ended on November 1, 2013, and she has not been disabled since that date. (AR 27).

**IV.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

## V.

## DISCUSSION

**A. The ALJ's Reasons for Discrediting Plaintiff's Subjective Symptom Testimony Were Not Supported By Substantial Evidence**

Plaintiff testified that she does not drive and cannot use public transportation by herself because she gets lost. (AR 45-46). She always goes outside with a family member. (AR 47). Plaintiff takes graphic arts classes at Pierce College but frequently needs to go the office to direct or guide her around campus. (AR 46, 49). The College provides Plaintiff assistance through a note taker in class, who also helps Plaintiff open the

graphics software, guidance by counselors, and extra time to take tests. (AR 46-47, 49, 51). Her parents need to help Plaintiff open the emails sent by the College. (AR 50).

Plaintiff testified that she has trouble handling money. (AR 48). She has tried to learn how to order food and pay for things, but it does not "sink in." (AR 48). She has problems even doing simple chores at home without assistance. (AR 47, 49).

When assessing a claimant's credibility regarding subjective pain or intensity of symptoms, the ALJ must engage in a two-step analysis. Trevizo v. Berryhill, 874 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine if there is medical evidence of an impairment that could reasonably produce the symptoms alleged. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014). "In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. (emphasis in original) (citation omitted). "Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof." Id. (citation omitted).

If the claimant satisfies this first step, and there is no evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony about the symptom severity. Trevizo, 874 F.3d at 678 (citation omitted); see also Smolen, 80 F.3d at 1284 ("[T]he ALJ may reject the

7

claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." Garrison, 759 F.3d at 1015 (citation omitted).

In discrediting the claimant's subjective symptom testimony, the ALJ may consider the following:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted). Inconsistencies between a claimant's testimony and conduct, or internal contradictions in the claimant's testimony, also may be relevant. Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.

1997). In addition, the ALJ may consider the observations of treating and examining physicians regarding, among other matters, the functional restrictions caused by the claimant's symptoms. Smolen, 80 F.3d at 1284; accord Burrell, 775 F.3d at 1137. However, it is improper for an ALJ to reject subjective testimony based "solely" on its inconsistencies with the objective medical evidence presented. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (citation omitted).

Further, the ALJ must make a credibility determination with findings that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation omitted); see Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) ("A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.") (citation omitted). Although an ALJ's interpretation of a claimant's testimony may not be the only reasonable one, if it is supported by substantial evidence, "it is not [the court's] role to second-guess it." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," and the ALJ did not make a finding of malingering. (AR 26). Nevertheless, the ALJ concluded that Plaintiff's statements

9

were "not entirely credible." (AR 26). The ALJ found that Plaintiff's "ability to take at least two classes per semester in a college setting demonstrates an ability to perform simple repetitive tasks in a work setting." (AR 25). "ALJs must be especially cautious in concluding that daily activities are inconsistent with [subjective symptom testimony], because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison, 759 F.3d at 1016. If a claimant's level of activity is inconsistent with the claimant's asserted limitations, it has a bearing on credibility. Id. "Though inconsistent daily activities may provide a justification for rejecting symptom testimony, the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability." Revels, 874 F.3d at 667 (citation and alterations omitted); see Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability.") (citation and alterations omitted). Indeed, a claimant "does not need to be utterly incapacitated in order to be disabled." Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (citation omitted).

Here, the ALJ fails to account for the assistance Plaintiff requires in order to attend college. Plaintiff is unable to drive and, without someone accompanying her, often has problems taking public transportation to school. (AR 45-46). She frequently gets

lost on campus and her parents need to help her open the emails sent by the College. (AR 46, 49, 50).

The ALJ also relied improperly on Plaintiff's admission "that she is doing very well in school, with mostly A's and B's, and only sometimes C's in her graphic design classes." (AR 25). The College provides Plaintiff with a dedicated note-taker, who also assists Plaintiff open the graphics software required for in-class learning, and Plaintiff is provided extra time to take tests.[2] (AR 46-47, 49, 51). "That [Plaintiff] could participate in some daily activities does not contradict the evidence of otherwise severe problems that [she] encountered in [her] daily life during the relevant period." Diedrich v. Berryhill, 874 F.3d 634, 643 (9th Cir. 2017). Further, the ALJ did not explain how Plaintiff's daily college activities, with considerable accommodations and assistance, are transferable to a work setting. The ALJ "must make specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." Orn, 495 F.3d at 639 (citation and alteration omitted). Here, the ALJ neither made specific findings nor pointed to any record evidence to support her conclusion that Plaintiff's college activities are "transferable" to a work setting. See id.

---

[2] The VE testified that someone who is not able to sustain work activity independent of others would not be able to perform the requirements of the factory helper, wall cleaner, or machine feeder occupations. (AR 61-62).

11

The ALJ concluded that Plaintiff "indicated a higher level of functioning than portrayed in her testimony on a consultative examination, . . . [which] indicated that according to [Plaintiff] was able to complete household chores, cook, run errands, occasionally go to the movies, use the computer, and go to the gym." (AR 25). However, Plaintiff did not testify that she was unable to perform household chores. Instead, she stated that she needs assistance to perform chores because she does not always retain her parents' instructions. (AR 49).

Finally, the ALJ emphasized erroneously that Plaintiff "denied any current depressive and anxiety symptoms, and stated she was not receiving any mental health services." (AR 25). Plaintiff's alleged disability is caused by her learning disability and borderline intellectual functioning, not depression and anxiety. Indeed, the ALJ acknowledged that the severity of Plaintiff's learning disability and borderline intellectual functioning "is established by the objective medical evidence." (AR 22).

In sum, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms. The matter is remanded for further proceedings. On remand, the ALJ shall reevaluate Plaintiff's symptoms in accordance with the current version of the agency's regulations and guidelines, taking account the full range of medical evidence.

**B.   The ALJ Did Not Provide Germane Reasons For Rejecting Lay Testimony**

Multiple lay witnesses provided statements that were supportive of and consistent with Plaintiff's testimony and her allegations of significant limitations caused by her borderline intellectual functioning and learning disability. Karolanne K. Asmus-Kim, Ed.D., Plaintiff's high school special education teacher, opined that Plaintiff has difficulty with self-help abilities, abstract concepts, and conflict resolution. (AR 213). Dr. Asmus-Kim concluded that Plaintiff "will need to have assistance from others to live and manage daily tasks." (AR 213). "Simple tasks such as cooking for herself, paying bills, keeping employment, understanding right from wrong and several other daily tasks will require assistance from others for [Plaintiff] to maintain a good quality of life." (AR 213.

Mirriam H. Gottlieb, a disabilities specialist at Pierce College, reported that Plaintiff has been provided with a dedicated note-taker because she "has difficulty keeping up with lectures due to her problems with processing speed and comprehension." (AR 212). Ms. Gottlieb further opined that Plaintiff is unable to take more than two courses each semester because Plaintiff needs more time to process information due to her lack of comprehension skills. (AR 216).

Plaintiff's father, Manuel Perez, provided testimony at the hearing. (AR 52-59). Perez testified that his daughter has been

unable to master basic safety skills, like not crossing the street on a red light, because she has difficulty paying attention and focusing. (AR 54). He testified that Plaintiff is unable to perform household chores without supervision and instruction. (AR 56-59).

Plaintiff also provided statements from her brother and mother. (AR 214-15). They stated that Plaintiff is unable to complete simple tasks without reminders, supervision, and assistance. (AR 214-15). Plaintiff has trouble controlling her emotions and gets easily stressed. (AR 214-15).

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). "The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing." Diedrich, 874 F.3d at 640.

Here, the ALJ briefly summarized Dr. Asmus-Kim's and Ms. Gottlieb's statements (AR 25), but failed to discuss the weight to be afforded to them. Merely summarizing their letters does not qualify as a "germane reason" for rejecting them.[3] Further, the

---

[3] Defendant does not address the ALJ's failure to provide germane reasons for rejecting Dr. Asmus-Kim's and Ms. Gottlieb's statements. (Dkt. No. 22 at 6-8).

14

ALJ failed to acknowledge, discuss, or provide any reasoning for apparently rejecting the testimony and statements by Plaintiff's family members. To properly reject lay testimony, the ALJ is required to provide reasons that are "germane to each witness." Lewis, 236 F.3d at 511.

Defendant argues that Plaintiff's father's testimony "conflicts with what Plaintiff told Dr. Shirokhi regarding her ability to cook, do chores, and go out with friends and to the gym." (Dkt. No. 22 at 7). However, the court is "constrained to review the reasons the ALJ asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947)). The court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Garrison, 759 F.3d at 1010. Here, the ALJ did not provide any reason for apparently rejecting Mr. Perez's testimony.

Defendant contends that the ALJ is not required "to discuss every piece of evidence." (Dkt. No. 22 at 7). Even if this is accurate, the ALJ is not permitted to reject all lay testimony without expressly providing reasons "germane to each witness." Lewis, 236 F.3d at 511. Finally, Defendant contends that the ALJ's failure to "explain how the third-party testimony influenced the outcome of the decision" is harmless error because it was "inconsequential to the ultimate non-disability determination." (Dkt. No. 22 at 9). To the contrary, because the ALJ erred in rejecting Plaintiff's subjective statements, as discussed above,

15

the ALJ's apparent rejection of the lay testimony, which supported Plaintiff's testimony, was not harmless error.

In sum, the ALJ failed to provide germane reasons, supported by substantial evidence, for apparently rejecting lay testimony. The matter is remanded for further proceedings.[4] On remand, the ALJ shall fully evaluate the lay witness testimony and may disregard the lay statements only by providing reasons that are germane to each witness.

---

[4] Plaintiff also argues that in assessing her RFC, the ALJ failed to fully account for the limitations included in her testimony and the lay witnesses' statements. (Dkt. No. 21 at 23-25). However, it is unnecessary to reach Plaintiff's arguments on this ground, as the matter is remanded for the alternative reasons discussed at length in this Order. However, after reconsideration of the Plaintiff's testimony and the lay witness statements, it will likely be necessary for the ALJ to reconsider Plaintiff's RFC.

16

# VI.

# CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  October 5, 2018

/S/<br>
SUZANNE H. SEGAL<br>
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**